IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PENNY RUMSEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BIRCH COMMUNICATIONS, INC. d/b/a LIGHTYEAR WIRELESS, a Georgia corporation,<br><br>*Defendant.* | Case No.: 2:14-cv-12700<br><br>Hon. Gershwin A. Drain<br><br>Mag. Judge R. Steven Whalen |

**PLAINTIFF'S *RENEWED*[1] MOTION FOR CLASS CERTIFICATION**

Plaintiff Penny Rumsey ("Rumsey"), through her undersigned counsel, hereby respectfully moves the Court for an Order certifying this case against Defendant Birch Communications, Inc. ("Birch Communications") as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but requests that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a

---

[1] Plaintiff is renewing the instant Motion pursuant to the Court's July 11, 2014 Order, which directed Plaintiff to re-file her motion for class certification "once she has effectuated proper service." (Dkt. 6.) Defendant was properly served on July 22, 2014. (Dkt. 8.)

1

full memorandum of points and authorities in support of class certification.[2]

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### ISSUE PRESENTED

Should this Court enter an order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3)?

### CONTROLLING AUTHORITY

Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

**I.      The Proposed Class**

Plaintiff seeks to certify this case as a class action on behalf of a proposed class defined as follows:

All persons in the United States who (1) received a telephone call; (2)

---

[2] Plaintiff originally filed this Motion simultaneously with her Class Action Complaint and Demand for Jury Trial (Dkt. 1) ("Complaint") and renews it now for the purpose of preventing Defendant from attempting a so-called "pick off" to moot her representative claims (*i.e.*, tendering to her the full amount of individual damages alleged in the Complaint).  *See Brunet v. City of* Columbus, 1 F.3d 390, 399-400 (6th Cir. 1993) (noting that a "pick off" does not moot the named plaintiff's claims "where a motion for class certification has been pursued with reasonable diligence and is then pending before the district court."); *see also Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint.  The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").  Further, given that Defendant was only recently served on July 22, 2014 (*see* Dkt. 8) and has not yet appeared in this case, Plaintiff was unable to obtain concurrence from Defendant for the relief sought in this Motion pursuant to L.R. 7.1.

2

promoting an opportunity related to "Lightyear Wireless;" (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior express consent to make such call to the telephone number that received it.[3] (Compl. ¶ 26.)

## II. Fed. R Civ. P. 23's Requirements for Certification

In determining whether to certify a class, the Court does not inquire into the merits of a plaintiff's claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, "when evaluating whether to certify the class, the district court must take the allegations of plaintiffs as true, with any doubts resolved in favor of certification." *Yadlosky v. Grant Thorton, L.L.P.*, 197 F.R.D. 292, 295 (E.D. Mich. 2000).

The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites—numerosity, commonality, typicality, and adequacy of representation—and at least one of the three provisions of Rule 23(b).

As shown below, the Class satisfies each of Rule 23(a)'s prerequisites and the requirements for certification under Rules 23(b)(2) and (b)(3).

### A. The Proposed Class Satisfies Rule 23(a)'s Requirements

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To

---

[3] Plaintiff anticipates the potential need to revise the definition of the Class following the conclusion of discovery relating to the class certification issues.

satisfy the numerosity requirement, a plaintiff need only demonstrate that "the number of potential class members is large, even if plaintiffs do not know the exact figure." *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 601 (E.D. Mich. 1985); *see Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001) *aff'd*, 383 F.3d 495 (6th Cir. 2004) ("where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."); *see Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 276 (W.D. Mich. 2001) ("while not an absolute rule, it is generally accepted that a class of 40 or more members is sufficient to establish numerosity.")

In this case, Plaintiff's Complaint alleges that Defendant made unsolicited phone calls—specifically automated phone calls (*i.e.*, "robocalls")—to thousands of consumers throughout the country. (Compl. ¶¶ 16, 17, 22, 27); *see Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("[The] sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)."). The present case therefore satisfies the numerosity requirement, since it affects thousands of consumers in the same way.

The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is present where a "common nucleus of operative fact" exists, and a "question of law refers

4

to a standardized conduct of the defendants toward members of the proposed class." *See Snow v. Atofina Chemicals, Inc.*, 2006 WL 1008002, at *4 (E.D. Mich. Mar. 31, 2006) ("lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class members." (quoting *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984)). For commonality to be demonstrated, "there need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotation omitted). Generally, the issue of commonality is a relatively low and easily surmountable hurdle. *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992); *see also Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

As alleged in Plaintiff's Complaint, all members of the Class share common questions of law and fact that predominate over issues affecting only individual members. (Compl. ¶ 28.) Those common factual and legal issues for the Class include: (1) whether Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); (2) whether Defendant and/or its agents made calls featuring an artificial or pre-recorded voice; (3) whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express consent

to receive such phone calls; and (4) whether class members are entitled to treble damages based on the willfulness of Defendant's conduct. (*Id.*)

Rule 23 next requires that Plaintiff's claims be typical of those of the Class. *See* Fed. R. Civ. P. 23(a)(3). The typicality requirement determines whether "a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class," and a plaintiff's claim is typical if it arises "from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082 (quotation omitted). Nevertheless, the existence of factual distinctions among named and absent class members will not preclude a finding of typicality if there is a "strong similarity of legal theories." *Int'l Union v. Ford Motor Co.*, 2006 WL 1984363 at \*19 (E.D. Mich. July 13, 2006) *aff'd sub nom. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).

In this case, Plaintiff's claims are typical of the absent class members because each claim is based upon identical conduct—Defendant's uniform practice of making unsolicited telephone calls to Plaintiff and the proposed Class. (Compl. ¶ 29.) Plaintiff's and the absent Class members' claims against Defendant are the same. *See id.* Therefore, the typicality element is satisfied.

The final Rule 23(a) prerequisite is that a proposed class representative

"fairly and adequately protectd the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether the representation of the class is adequate, "the representative must have common interests with unnamed members of the class," and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir. 1976). Courts must also consider: "(a) the work counsel has done in identifying or investigating potential claims in the action, (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (c) counsel's knowledge of the applicable law, and (d) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 592 (E.D. Mich. 2006).

In this case, Plaintiff has the same interests as the proposed Class—obtaining relief from Defendant for the unlawful use of an automated telephone dialing system ("ATDS") to systematically robocall Plaintiff and the members of the Class. (Compl. ¶ 31.) Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class actions involving similar issues and that were of similar size, scope and complexity as the present case. (*See* Firm Resume of Edelson PC, a true and accurate copy of which is

attached as Exhibit 1.) Accordingly, both Plaintiff and her counsel will adequately represent the Class.

> **B. The Proposed Class Satisfies the Requirements of Rules 23(b)(2) and (b)(3)**

Once the subsection (a) prerequisites are satisfied, a plaintiff seeking certification under Rule 23(b)(2) or 23(b)(3) must satisfy several additional requirements. Rule 23(b)(2) provides that the party or parties opposing certification must have acted or failed to act on grounds generally applicable to the proposed class "so that final injunctive relief or corresponding declaratory relief is appropriate. . . ." Fed. R. Civ. P. 23(b)(2); *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 268 (E.D. Mich. 1997). Here, there should be no question that Defendant acted on grounds generally applicable to the proposed Class as a whole. Defendant made unsolicited telephone calls to the telephones of consumers nationwide—all without permission—in virtually an identical manner. Thus, Defendant acted and failed to act on grounds generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001). In this

case, common issues of fact and law predominate. Defendant's unlawful and systematic use of an ATDS to call Plaintiff and members of the proposed Class without their consent, is common to all Class members' claims and predominates over any issues affecting only individual members. (Compl. ¶ 28.)

Rule 23(b)(3) further requires that the class action mechanism be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *In re Cardizem*, 200 F.R.D. at 339. That requirement is satisfied here. The injuries suffered by individual Class members are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. (Compl. ¶ 32.) Thus, absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief. Maintenance of this case as a class action is also superior to other available methods because it would avoid the necessity for multiple adjudications of identical legal and factual issues, thereby reducing the burden on the judiciary. (*Id.*)

For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiff hereby requests that the Court allow for and schedule discovery to take place on class-wide issues, at the conclusion of which, Plaintiff will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on

this motion at that time.

**WHEREFORE**, Plaintiff Penny Rumsey, individually and on behalf of the proposed Class, respectfully requests that the Court (1) enter and reserve ruling on her *Renewed* Motion for Class Certification, (2) allow for and schedule discovery to take place on class-wide issues, (3) grant her leave to file a supplemental memorandum in support of her Motion for Class Certification upon the conclusion of class-wide discovery, (4) grant her Motion for Class Certification after full briefing of the issues presented herein, and (5) provide all other and further relief that the Court deems equitable and just.

Respectfully submitted,

**PENNY RUMSEY**, individually and on behalf of all others similarly situated,

Dated: July 30, 2014              By: /s/ Ari J. Scharg
                                      One of Plaintiff's Attorneys

Ari J. Scharg
ascharg@edelson.com
John Ochoa
jochoa@edelson.com
Mark Eisen
meisen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Henry M. Scharg – P28804
hmsattyatlaw@aol.com

                                                                                                      LAW OFFICE OF HENRY M. SCHARG
                                                                                                       718 Ford Building
                                                                                                       Detroit, Michigan 48226
                                                                                                        Tel: 248.596.1111
                                                                                                        Fax: 248.671.0335

## CERTIFICATE OF SERVICE

    I, Ari J. Scharg, hereby certify that on July 30, 2014, I electronically served the foregoing ***Plaintiff's Re-Filed Motion for Class Certification*** on all counsel of record using the Court's CM/ECF electronic filing system, and by placing a true and accurate copy of such paper in a postage prepaid envelope addressed to the persons shown below and depositing such envelope in the U.S. Mailbox located at 350 North LaSalle, Chicago, Illinois 60654, on this 30th day of July 2014.

Birch Communications, Inc.
c/o Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

                                    /s/ Ari J. Scharg