# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PENNY RUMSEY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>BIRCH COMMUNICATIONS, INC. d/b/a LIGHTYEAR WIRELESS, a Georgia Corporation,<br><br>                Defendant. | CASE NO. 2:14-cv-12700<br><br>Hon. Gershwin Drain |

## DEFENDANT BIRCH COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Birch Communications, Inc. ("Birch") by and through its undersigned counsel, and in answer to Plaintiff Penny Rumsey's Complaint, states as follows:

In response to the unnumbered first paragraph of the Complaint, Birch denies any and all factual allegations contained in that unnumbered paragraph.

1.     In response to Paragraph 1 of the Complaint, Birch denies any and all allegations contained in Paragraph 1.  Birch specifically denies that it "owns and operates a company" that sells communication-based products and services under the brand name "Lightyear Wireless."  Birch states that the assets of Lightyear Wireless are owned by Tempo Telecom, LLC.  In an effort to avoid undue delay,

Birch is submitting this Answer based, in part, upon information provided to Birch by Tempo Telecom, LLC, after inquiry from Birch.

2. Birch denies the allegations of Paragraph 2 of the Complaint, including any allegations that Birch "uses a marketing structure—commonly referred to as 'Multi-Level Marketing' or 'MLM,'" as alleged in the Complaint; except that upon information and belief Birch admits that Lightyear Wireless products and/or services are sold through "Multi-Level Marketing."

3. In response to Paragraph 3 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In further answer, based on information and belief, Lightyear Representatives agree upon becoming Lightyear Representatives that they will not leave pre-recorded voicemail messages.

4. In response to Paragraph 4 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. In further answer, based on information and belief, Lightyear Representatives agree upon becoming Lightyear Representatives that they will not leave pre-recorded voicemail messages.

5.      Birch denies the allegations of Paragraph 5 of the Complaint, except that Birch admits that Plaintiff has asserted that the Telephone Consumer Protection Act ("TCPA") was enacted to protect consumers from unsolicited and repeated telephone calls as alleged in the Complaint.  In further answer, Birch denies that class treatment is appropriate for this lawsuit.

6.      Birch denies the allegations of Paragraph 6 of the Complaint, except that Birch admits that Plaintiff filed a lawsuit seeking the relief asserted in Paragraph 6.  In further answer, Birch denies that Plaintiff or any member of the purported Class is entitled to recover from Birch and denies that class treatment is appropriate for this lawsuit.

7.      In response to Paragraph 7 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In further answer, Birch states that the cellular telephone number provided to Birch by Plaintiff's attorneys and which purportedly belongs to Plaintiff is associated with a Florida address.

8.      Birch admits the allegations contained in Paragraph 8 of the Complaint, and clarifies that its principal place of business is at Suite 1065 of the address identified in Paragraph 8 of the Complaint.

9. Birch denies the allegations of Paragraph 9 of the Complaint, except that Birch admits that Plaintiff has alleged subject matter jurisdiction and purports to bring claims under the Telephone Consumer Protection Act, which is a federal statute, and that this Court has personal jurisdiction over Birch.

10. In response to Paragraph 10 of the Complaint, Birch admits that Plaintiff has alleged that venue is proper in this judicial district. Birch is without knowledge or information sufficient to form a belief as to whether venue is proper as alleged and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. Birch denies the allegations of Paragraph 11 of the Complaint, except that on information and belief, however, Birch admits that Lightyear Wireless products and/or services are sold through "Multi-Level Marketing." In further answer Birch states that the assets of Lightyear Wireless are owned by Tempo Telecom, LLC. Birch specifically denies that it "owns and operates a telecommunications company" that sells communication-based products and services under the brand name "Lightyear Wireless," and that Birch "uses a multi-level marketing structure" to sell Lightyear Wireless services and to recruit individuals to sell Lightyear Wireless services.

12. Birch denies the allegations of Paragraph 12 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 12 accordingly are addressed to conduct of other entities.  In further answer Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other entities and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. Birch denies the allegations of Paragraph 13 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 13 accordingly are addressed to the conduct or knowledge of other entities.  Birch specifically denies the allegations of Paragraph 13 to the extent they address the conduct or knowledge of Birch.  In further answer Birch specifically denies the allegation that "Lightyear Representatives are direct agents of Birch Communications who are acting with actual and apparent authority . . . ." and Birch states that Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other entities and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. Birch denies the allegations of Paragraph 14 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 14 accordingly are addressed to the conduct or knowledge of other

entities. Birch specifically denies the allegations of Paragraph 14 to the extent they address the conduct or knowledge of Birch. In further answer, Birch states that Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. Birch denies the allegations of Paragraph 15 of the Complaint, because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 15 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegations of Paragraph 15 to the extent they address the conduct or knowledge of Birch. In further answer, Birch states that Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. Birch denies the allegations of Paragraph 16 of the Complaint, because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 16 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegations of Paragraph 16 to the extent they address the conduct or knowledge of Birch. In further answer, Birch states that Birch is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. Birch denies the allegations of Paragraph 17 of the Complaint, because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 17 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegations of Paragraph 17 to the extent they address the conduct or knowledge of Birch. In further answer, based on information and belief, Lightyear Representatives agree upon becoming Lightyear Representatives that they will not leave pre-recorded voicemail messages. As to the remaining allegations of Paragraph 17, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. Birch denies the allegations of Paragraph 18 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegations of Paragraph 18 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegations of Paragraph 18 to the extent they address the conduct or knowledge of Birch. To the extent the allegations of Paragraph 18 relate to the conduct of other entities, Birch is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. Birch denies the allegations of Paragraph 19 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegation of Paragraph 19 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegation that the calls described in Paragraphs 17-19 "are made at the direction of, or with the knowledge of, Birch Communications." To the extent the allegations of Paragraph 19 relate to the conduct of other entities, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. Birch denies the allegations of Paragraph 20 of the Complaint because Birch does not own the assets of Lightyear Wireless, and the allegation of Paragraph 20 accordingly are addressed to the conduct or knowledge of other entities. Birch specifically denies the allegations of Paragraph 20 to the extent they address the conduct of knowledge of Birch. To the extent the allegations of Paragraph 20 relate to the conduct of other entities, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein..

21. In response to Paragraph 21 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. Birch denies the allegations of Paragraph 22 of the Complaint based upon information and belief including Birch's inquiry calls made to and received from the cellular telephone number provided to Birch by Plaintiff's counsel.

23. Birch denies the allegations of Paragraph 23 of the Complaint based upon information and belief including Birch's inquiry calls made to and received from the cellular telephone number provided to Birch by Plaintiff's counsel.

24. Birch denies the allegations of Paragraph 24 of the Complaint based upon information and belief including Birch's inquiry calls made to and received from the cellular telephone number provided to Birch by Plaintiff's counsel..

25. Birch denies the allegations in Paragraph 25 of the Complaint.

26. Birch denies the allegations of Paragraph 26 of the Complaint, except Birch admits that Plaintiff claims to bring this lawsuit on behalf of a purported

Class that Plaintiff seeks to describe in Paragraph 26. In further answer, Birch denies that this case is appropriate for class treatment.

27. Birch denies the allegations of Paragraph 27 of the Complaint, except Birch admits that Plaintiff claims her purported Class meets the numerosity requirement of Federal Rule of Civil Procedure 23. In further answer, Birch denies that this case is appropriate for class treatment and specifically denies the allegation that "Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class," who "can be identified through Defendant's records."

28. Birch denies the allegations of Paragraph 28 of the Complaint, except that Birch admits that Plaintiff claims her purported Class meets the commonality and predominance requirements of Federal Rule of Civil Procedure 23. Birch denies that this case is appropriate for class treatment. In further answer, Birch specifically denies the allegations in subparts a-d of Paragraph 28 to the extent they relate to the conduct and/or knowledge of Birch.

29. Birch denies the allegations of Paragraph 29 of the Complaint, except Birch admits that Plaintiff claims her purported Class meets the typicality requirement of Federal Rule of Civil Procedure 23. Birch denies that this case is appropriate for class treatment. In further answer, Birch specifically denies the

allegation to the extent Plaintiff claims she or any member of the purported Class suffered damages arising from any conduct, knowledge, or omission of Birch.

30. Birch denies the allegations of Paragraph 30 of the Complaint, except Birch admits that Plaintiff claims her purported Class meets the adequate representation requirement of Federal Rule of Civil Procedure 23. Birch denies that this case is appropriate for class treatment.

31. Birch denies the allegations of Paragraph 31 of the Complaint, Birch admits that Plaintiff claims this lawsuit is appropriate for class certification. Birch denies that this case is appropriate for class treatment.

32. Birch denies the allegations of Paragraph 32 of the Complaint, except Birch admits that Plaintiff claims her purported Class meets the superiority requirement of Federal Rule of Civil Procedure 23. Birch denies the allegation that this case is appropriate for class treatment. In further answer, Birch specifically denies the allegation to the extent Plaintiff claims she or any member of the purported Class suffered damages arising from any conduct, knowledge, or omission of Birch.

33. In response to Paragraph 33 of the Complaint, Birch incorporates the allegations of Paragraphs 1-32 as if fully set forth herein.

34. In response to Paragraph 34 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, Birch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. Birch denies the allegations of Paragraph 36 of the Complaint and specifically denies that Birch violated 47 U.S.C. § 227(b)(1)(B).

37. Birch denies the allegations of Paragraph 37 of the Complaint, except Birch admits that Plaintiff has asserted that the Telephone Consumer Protection Act entitles a plaintiff to treble damages for willful and knowing violations by defendants. Birch denies the allegation that this case is appropriate for class treatment. In further answer, Birch specifically denies the allegations of Paragraph 37 to the extent they may be read to assert that Birch willfully or knowingly violated the Telephone Consumer Protection Act.

38. Birch denies that Plaintiff, individually or on behalf of the purported Class, is entitled to any of the relief set forth in the sentence beginning with "WHEREFORE" following paragraph 38, or any of its subparts.

39. Birch admits that Plaintiff requests a trial by jury. Birch denies that a jury trial is appropriate in this case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: CONSENT

All claims against Birch are barred because Plaintiff, or someone acting on Plaintiff's behalf, gave consent to being contacted as alleged in Paragraph 22 of the Complaint.

### SECOND AFFIRMATIVE DEFENSE: VICARIOUS LIABILITY

Birch is not vicariously liable for the acts and/or omissions of any person or entity that may have unlawfully contacted Plaintiff as alleged in Paragraphs 22-25 of the Complaint.

### THIRD AFFIRMATIVE DEFENSE: PLAINTIFF'S NEGLIGENCE

Birch is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Birch.

## FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

On August 11, 2014, counsel for Birch conferred with counsel for Plaintiff as required by Local Rule 7.1 because Birch intended to file a Motion to Dismiss on the grounds that Plaintiff failed to plead any factual allegations that Birch or its agent(s) allegedly made to a residential telephone line in violation of 47 U.S.C. § 227(b)(1)(B), as alleged in Paragraph 36 of the Complaint. Birch also stated as a grounds for dismissal that Plaintiff failed to plead specific telephone numbers for the alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B), as alleged in Paragraph 36 of the Complaint. *See Strand v. Corinthian Colleges, Inc.,* No. 1:13-cv-1235, 2014 U.S. Dist. LEXIS 52963, *5 (W.D. Mich., Apr. 17, 2014).

To avoid dismissal, Plaintiff's counsel agreed to provide Birch with the telephone number assigned to a cellular telephone service that forms the basis of her allegations at Paragraphs 22-25 of the Complaint. Plaintiff's counsel provided that number on August 12, 2014. Plaintiff's counsel further represented that they had no factual basis for believing that Birch or its agent(s) violated 47 U.S.C. § 227(b)(1)(B) by making a call to Plaintiff's residential telephone line and that they believed the reference to such violation in Paragraph 36 of the Complaint was a drafting error. Relying on Plaintiff's counsel's representations, Birch chose not to move for dismissal and instead to file this Answer to Plaintiff's Complaint.

Should Plaintiff, at any time, attempt to pursue her alleged claim for a violation of 47 U.S.C. § 227(b)(1)(B), her recovery will be barred by the doctrine of estoppel based on her counsel's representations, on which Birch relied.  Further, should Plaintiff attempt to pursue her alleged claim for a violation of 47 U.S.C. § 227(b)(1)(A)(iii) based on a telephone call to a number assigned to a cellular telephone service *other than* the number provided by Plaintiff's counsel on August 12, 2014, Plaintiff should similarly be estopped from recovering against Birch.

Dated: August 26, 2014

Respectfully submitted,

FRASER TREBILCOCK DAVIS & DUNLAP, PC

By: /s/ Michael P. Donnelly
    Michael Donnelly
       Michigan Bar No. (P45221)
    Michael Ashton
       Michigan Bar No. (P40474)
124 W. Allegan, Suite 1000
Lansing, MI 48933
mdonnelly@fraserlawfirm.com
mashton@fraserlawfirm.com
Telephone: (517) 377-0875
Facsimile: (517) 482-0887


JONES DAY
  Gregory R. Hanthorn
    Georgia Bar No. 323937
  Lynsey M. Barron
    Georgia Bar No. 661005
1420 Peachtree St. NE, Suite 800
Atlanta, Georgia 30309
ghanthorn@jonesday.com
lbarron@jonesday.com
Telephone: (404) 581-3939
Facsimile: (404) 581-8330

*Attorneys for*
*Birch Communications, Inc.*

# CERTIFICATE OF SERVICE

**I hereby certify** that on August 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the persons listed below via transmission of Notices of Electronic Filing generated by CM/ECF or mail.

Ari J. Scharg
ascharg@edelson.com
John Ochoa
jochoa@edelson.com
Mark Eisen
meisen@edelson.com
EDELSON PC
350 North LaSalle Street,
Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF
STEFAN COLEMAN,
LLC
201 South Biscayne
Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Attorneys for Plaintiff*

Henry M. Scharg
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.671.0335

                By:   /s/ Michael P. Donnelly_____
                      Michael Donnelly
                      Michigan Bar No. (P45221)
        Attorney for Birch Communications, Inc.