UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNY RUMSEY, individually and on behalf
of all others similarly situated,

        Plaintiffs,

                                      Case No. 14-12700
                                      Honorable Gershwin A. Drain

v.

BIRCH COMMUNICATIONS, INC.,
d/b/a LIGHTYEAR WIRELESS, a Georgia
Corporation,

        Defendant.
_____/

## SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
| --- | --- |
| Initial Disclosures due: | December 15, 2014 |
| Deadline for Amendment of Pleadings or Join Parties: | March 2, 2015 |
| Pre-Certification Discovery cutoff: | April 2, 2015 |
| Plaintiff's Motion to Certify Class due: | April 23, 2015 |
| Defendant's Response in Opposition due: | May 18, 2015 |
| Plaintiff's Reply in Support of Class Certification due: | June 5, 2015 |
| Hearing on Plaintiff's Motion for Class Certification: | June 30, 2015 at 2:00 p.m. |
| Final Witness Lists Exchanged By: | August 19, 2015 |
| Discovery Cutoff (with the exception of Plaintiffs' and Defendant's experts): | September 30, 2015 |
| Plaintiffs' Expert Report due: | October 30, 2015 |

| | |
|---|---|
| Defendant's Expert Report due: | November 30, 2015 |
| Dispositive Motion Cutoff: | December 28, 2015 |
| Case Evaluation:[1] | February of 2016 |
| Settlement Conference before Magistrate Judge R. Steven Whalen: | April of 2016 |
| Motions *in Limine* due: | April 18, 2016 |
| Final Pretrial Order due: | May 16, 2016 |
| Final Pretrial Conference: | May 23, 2016 at 10:00 a.m. |
| Trial Date: | June 7, 2016 at 9:00 a.m. |
| Jury Demand | |
| Anticipated Length of Trial: 5-8 days | |

I.   **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.  **DISCOVERY**.  The court will not order discovery to take place subsequent to the discovery cutoff date.  The discovery deadline may be extended by filing a stipulation with the court only if the extension of time does not affect the final pretrial conference or trial dates.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown.  Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.

III. **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.  Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

---

[1] The parties may submit the case to facilitation in lieu of case evaluation. A proposed stipulated order referring case to facilitation shall be submitted to the Court via the utilities function on CM/ECF no later than December 1, 2015.  The proposed order must identify the facilitator and the date set for facilitation.  Facilitation must occur no later than February 29, 2016.

A.    Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court. The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise. All objections specified in Rule 26(a)(3) shall be made in this order. <u>Counsel for plaintiff</u> shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order. The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court. The proposed Final Pretrial Order <u>shall strictly comply with the requirements of Local Rule 16.2.</u>

    **\* Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

B.    The following persons shall personally attend the final pretrial conference:
1) Trial counsel for each party;
2) All parties who are natural persons;
3) A representative on behalf of any other party;
4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must posses full authority to engage in settlement discussions and to agree upon a full and final settlement. "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

IV.    <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

A.    In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an

agreement as to an acceptable form.

    B.    In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

    C.    A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V.    **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  See attached exhibit form. Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VI.    **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII.    The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII.    **LOCAL COUNSEL**.  An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).

    SO ORDERED.

Dated: December 2, 2014        /s/Gershwin A Drain
                          GERSHWIN A. DRAIN
                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 2, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

-4-

HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
231 W. LAFAYETTE #1013
DETROIT, MI 48226

PHONE: (313) 234-5215        FAX: (313) 234-5219
CASE MANAGER:            Tanya Bankston

| | |
|---|---|
| **CONFERENCES** | Scheduling conferences held after answer filed and scheduling order issued. Status conference held as needed or requested.  Settlement conference held upon request and at final pretrial conference. |
| **MOTIONS** | Hearings held on most motions.  Proposed orders shall be attached to the motion, as well as submitted through the document utilities function of the CM/ECF.  Strict compliance required with Local Rules 7.1 and 65.1. |
| **DISCOVERY** | Discovery shall be completed on or before the date set forth in the scheduling order.  Discovery motions frequently referred to the magistrate judge assigned to the case. |
| **MEDIATION** | Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation. |
| **PRETRIAL** | Final Pretrial Order (1) generally due one week before final pretrial conference.  Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court.  Final pretrial conference usually held two weeks prior to trial, parties and/or persons with settlement authority must be present. |
| **TRIAL** | Attorneys are responsible to ascertain the status of the trial date.  Marked exhibits are to be exchanged three (3) days prior to trial.  Benchbook of exhibits is required.  If trial briefs are required by the court, they must be filed one (1) week prior to trial.  File motions *in limine* no later than four (4) weeks prior to the final pretrial conference.  Trial is usually held 9:00 a.m. to 4:00 p.m. daily. |
| **NON-JURY** | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| **JURY** | Voir dire by court.  Submit proposed voir dire one (1) week prior to trial.  Proposed joint jury instructions and verdict form due one (1) week prior to trial.  Judge's courtesy copy and disc required. |

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |